UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 13

NEXEO SOLUTIONS, LLC

And

Cases 13-CA-46694
13-CA-62072

TRUCK DRIVERS, OIL DRIVERS, FILLING
STATION AND PLATFORM WORKERS'
UNION, LOCAL NO. 705, AN AFFILIATE OF
THE INTERNATIONAL BROTHERHOOD OF
TEAMSTERS

## ORDER CONSOLIDATING CASES, CONSOLIDATED AMENDED COMPLAINT AND NOTICE OF HEARING

Upon a charge filed on August 3, 2011, by Truck Drivers, Oil Drivers, Filling Station and Platform Workers' Union, Local No. 705, an Affiliate of the International Brotherhood of Teamsters, herein called the Union, a Complaint and Notice of Hearing issued on October 17, 2011, against Nexeo Solutions, LLC, herein called Respondent, and the Union in Case 13-CA-62072, has charged that Nexeo Solutions, LLC, herein called Respondent, has been engaging in unfair labor practices as set forth in the National Labor Relations Act, 29 U.S.C. § 151 et seq. Based thereon, and in order to avoid unnecessary costs or delay, the Acting General Counsel, by the undersigned, pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board **ORDERS** that these cases are consolidated.

These cases having been consolidated, the Acting General Counsel, by the undersigned, pursuant to Section 10(b) of the Act and Section 102.15 of the Board's Rules and Regulations, issues this Order Consolidating Cases, Consolidated Complaint, and Notice of Hearing and alleges as follows:

I

(a)  The charge in Case 13-CA-46694 was filed by the Union on April 7, 2011, and a copy was served by regular mail on Respondent on the same date.

(b)  The charge in Case 13-CA-62072 was filed by the Union on August 3, 2011, and a copy was served by regular mail on Respondent on August 4, 2011.

II

Exhibit B

(a) At all material times, Respondent, a corporation with an office and place of business in Willow Springs, Illinois, has been engaged in the business of connecting producers and customers of chemicals, plastics, composites and environmental services.

(b) Based on a projection of its operations since on or about April 1, 2011, at which time Respondent commenced its operations, Respondent, in conducting its business operations described above in paragraph II(a), will annually purchase and receive at its Willow Springs, Illinois facility goods directly from points outside the State of Illinois and from other enterprises located within the State of Illinois each of which other enterprises had received these good directly from points outside the State of Illinois valued in excess of $50,000.

(c) Based on a projection of its operations since on or about April 1, 2011, at which time Respondent commenced its operations, Respondent will annually perform services valued in excess of $50,000 in States other than the State of Illinois.

(d) At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

III

(a) About November 5, 2010, Respondent, formerly known as TPG Accolade LLC, entered into a purchase agreement with Ashland Inc., herein called Ashland, whereby Respondent agreed to purchase Ashland's assets and continue to operate its distribution business in basically unchanged form, including its Willow Springs, Illinois facility.

(b) About April 1, 2011, Respondent finalized its purchase of Ashland's assets, including its Willow Springs, Illinois facility and since then has continued to operate the business of Ashland in basically unchanged form, and has employed as a majority of its employees individuals who were previously employees of Ashland.

(c) Based on the operations described above in paragraphs III (a) and (b), Respondent has continued to be the employing entity of Ashland's employees and is a successor to Ashland.

IV

At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

V

At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and/or agents of Respondent within the meaning of Section 2(13) of the Act:

John Hollinshead    Consultant

| | |
|---|---|
| Brian Brockson | Ashland's Logistics Director/ Respondent's Vice-President of Operations |
| Paul Fusco | Ashland's Human Resources Business Partner/ Respondent's Human Resources Business Partner Senior |
| Tony Kuk | Ashland's Plant Manager/ Respondent's Plant Member |
| Pat Cassidy | Ashland's Regional Logistics Manager/ Respondent's Transition Team Member |
| Kevin Myers | Ashland's Human Resources Representative |

## VI

(a) The following employees of Respondent, herein called the Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All full-time and regular part-time drivers employed by Respondent at its Willow Springs, Illinois facility; but excluding guards and supervisors as defined in the Act.

(b) About 2002, a majority of the Unit employed by Ashland Distribution Company, designated and selected the Union as their representative for the purposes of collective-bargaining. This designation was embodied in a series of collective-bargaining agreements, the most recent of which was effective November 1, 2006 to October 31, 2010.

(c) Since about April 1, 2011, based on the facts described above in paragraphs III (b) and (c), the Union continued to be the designated exclusive collective-bargaining representative of the Unit.

(d) From about 2002 to about April 1, 2011, based on Section 9(a) of the Act, the Union had been the exclusive collective-bargaining representative of the Unit employed by Ashland.

(e) At all times since about April 1, 2011, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of Respondent's employees in the Unit.

## VII

(a) On about April 1, 2011, Respondent unilaterally ceased making contractually required contributions to the Union's Health and Welfare fund and moved its employees to the company's health insurance plan.

(b) On about April 1, 2011, Respondent unilaterally ceased making contractually required contributions to the Union's Pension Trust fund and moved its employees to the company's 401(k) plan.

(c) On about April 1, 2011, Respondent unilaterally eliminated its daily guarantee of 8 hours pay to employees for each work day and its weekly guarantee of 40 hours pay to employees for each work week.

(d) On about April 1, 2011, Respondent unilaterally changed the overtime policy by eliminating overtime pay for working more than 8 hours per day and instead requiring employees to work more than 40 hours per week in order to receive overtime pay.

(e) On about April 1, 2011, Respondent unilaterally reduced employees' vacation pay from 50 hours to 40 hours for each week of vacation taken.

(f) The subjects set forth above in paragraphs VII(a)-(e) relate to the wages, hours, and other terms and conditions of employment of the Unit and are mandatory subjects for the purpose of collective bargaining.

(g) Respondent engaged in the conduct described above in paragraphs VII(a)-(e) without prior notice to the Union and without affording the Union an opportunity to bargain with Respondent with respect to this conduct.

VIII

(a) Since at least April 1, 2011, and continuing thereafter, the Union, by Neil Messino, has requested that Respondent furnish the Union with the following information:

    (i) Summary Plan Description for Respondent's health insurance plans covering unit employees.

    (ii) Summary Plan Description for Respondent's 401(k) plan covering unit employees.

(b) Since May 25, 2011, the Union, by Neil Messino, has requested that Respondent furnish the Union with the Plan Document for the 401(k) plan covering unit employees.

(c) The information requested by the Union, as described above in paragraph VIII(a)-(b) is necessary for, and relevant to, the Union's performance of its duties as the exclusive collective bargaining representative of the Unit.

(d) Since about April 1, 2011, Respondent, by John Hollinshead, has failed to furnish the Union with the requested Summary Plan Description for Respondent's health insurance plans covering unit employees.

4

(e)     Respondent has failed to bargain in good faith with the Union by its delay in furnishing to the Union the requested Summary Plan Description for Respondent's 401(k) plan covering unit employees until July 15, 2011.

(f)     Respondent has failed to bargain in good faith with the Union by its delay in furnishing to the Union the requested Plan Document for Respondent's 401(k) plan covering unit employees until August 11, 2011.

IX

By the conduct described above in paragraphs VII and VIII, Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of its employees in violation of Section 8(a)(1) and (5) of the Act, and affecting commerce within the meaning of Section 2(6) and (7) of the Act.

WHEREFORE, as part of the remedy for the unfair labor practices alleged above in paragraph VII(a) – (e) the Acting General Counsel seeks an order requiring reimbursement of amounts equal to the difference in taxes owed upon receipt of a lump-sum payment and taxes that would have been owed had there been no violation. Further, that Respondent be required to submit the appropriate documentation to the Social Security Administration so that when reimbursement for monies constituting backpay is paid, it will be allocated to the appropriate calendar quarters.

As part of the remedy for the unfair labor practices alleged above in paragraphs VII (a) and (b) the Acting General Counsel seeks an order requiring Respondent to resume making contractually required contributions to the Union's Health and Welfare fund and the Union's Pension Trust fund and make whole those funds by paying to those funds the monies that were not paid as a result of Respondent's conduct. The Acting General Counsel seeks other relief as may be appropriate to remedy the unfair labor practices alleged.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations; it must file an answer to the complaint. The answer must be **received by this office on or before December 14, 2011, or postmarked on or before December 13, 2011**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties. An answer may also be filed electronically by using the E-Filing system on the Agency's website. In order to file an answer electronically, access the Agency's website at http://www.nlrb.gov, click on **E-Gov**, and then click on the **E-Filing** link on the pull-down menu. Click on the "File Documents" button under "Regional, Subregional and Resident Offices" and then follow the directions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. A failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. When an answer is filed electronically, an original and four paper copies must be sent to this office so that it is received no later than three business days after the date of electronic filing. Service of the answer on each

5

of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the complaint are true.

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT **on Monday, January 23, 2012 at 11:00 a.m., at 209 South LaSalle Street, Suite 900, Chicago, Illinois**, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated at Chicago, Illinois, this 30th day of November, 2011.

/s/ *Arly Eggertsen*
Arly Eggertsen, Acting Regional Director
National Labor Relations Board
Region 13
209 South LaSalle Street, 9th Floor
Chicago, IL 60604

Attachments