IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETER SUNG OHR, REGIONAL
DIRECTOR OF REGION 13 OF THE
NATIONAL LABOR RELATIONS
BOARD, FOR AND ON BEHALF OF
THE NATIONAL LABOR
RELATIONS BOARD,

               Petitioner,

v.

NEXEO SOLUTIONS, LLC,

               Respondent.

Case No.  12-CV-01226

Judge:  John W. Darrah
Magistrate Judge Sheila M. Finnegan

## RESPONDENT NEXEO SOLUTIONS, LLC'S MOTION
## FOR EXPEDITED DISCOVERY

Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, Respondent Nexeo Solutions, LLC ("Nexeo" or the "Company") hereby respectfully moves the Court for an order establishing an expedited discovery schedule that will give the Company ample time prior to the evidentiary hearing scheduled for April 30, 2012, to obtain discovery of non-privileged matters that are relevant to Petitioner's petition for a preliminary injunction.  In support of this Motion, Nexeo states as follows:

1.     Based upon an unfair labor practice charge filed by Teamsters Local Union 705 ("Local 705" or the "Union") on April 7, 2011, the Acting General Counsel of the National Labor Relations Board ("NLRB" or the "Board"), by the Acting Regional Director of Region 13, issued a complaint against Nexeo on November 30, 2011, in NLRB Case No. 13-CA-46694 (the "NLRB Case").  The complaint alleges that the Company violated Sections 8(a)(1) and (5) of the National Labor Relations Act (the "Act"), 29 U.S.C. § 158(a)(1) and (5), by unilaterally

changing certain terms and conditions of employment of Local 705-represented employees employed at the Company's Willow Springs, Illinois facility (the "Facility") on April 1, 2011, the day the Company commenced operations at the Facility after acquiring it from Ashland, Inc. in connection with its purchase of the assets of Ashland Distribution ("Ashland"). An administrative hearing is scheduled on the complaint before an administrative law judge on April 2, 2012.

2.      On February 21, 2012, Petitioner filed a petition under Section 10(j) of the Act, 29 U.S.C. § 160(j), requesting that the Court issue a preliminary injunction requiring Nexeo, pending final Board adjudication of the NLRB Case, to rescind the allegedly unlawfully implemented changes to the employees' terms and conditions of employment and replace them with terms and conditions that existed as of March 31, 2011, the last day Ashland operated the Facility, under an expired collective bargaining agreement between Ashland and Local 705.

3.      On February 28, 2012, the Court issued an order that, among other things, scheduled a preliminary injunction hearing on Petitioner's petition for April 30, 2012.

4.      Section 10(j) of the Act provides that the filing of a petition under the section gives the Court jurisdiction to grant "such temporary relief or restraining order as it deems just and proper." 29 U.S.C. § 160(j).   To determine whether injunctive relief is "just and proper" within the meaning of Section 10(j), courts in this Circuit apply the traditional criteria for determining whether to grant a preliminary injunction.   Under the criteria, the Board's regional director bears the burden of establishing four things:

      a.      A reasonable likelihood of success on the merits of the case pending before the Board;

      b.      Irreparable harm is likely in the absence of injunctive relief and the prospect of that harm outweighs any harm the employer would suffer by issuance of an injunction;

      c.      No adequate remedy at law exists; and

      d.      An injunction is in the public interest.

See *Lineback v. Irving Ready-Mix, Inc.,* 653 F.3d 566, 570 (7th Cir. 2011); *Bloedorn v. Francisco Foods, Inc.*, 276 F.3de 270, 286 (7th Cir. 2001).

     5.     The Federal Rules of Civil Procedure apply to proceedings under Section 10(j), entitling a respondent to obtain discovery on non-privileged matters that are relevant to any claims or defenses that involve the elements that the regional director must establish to demonstrate that injunctive relief is just and proper. See *Kobell v. Reid Plastics, Inc.*, 136 F.R.D. 575, 579 (W.D. Pa. 1991); *Fusco v. Richard W. Kaase Baking Co.*, 205 F. Supp. 459, 463 (N.D. Ohio 1962); *Kinney v. Chicago Tribune Co.*, 1989 U.S. Dist. LEXIS 9535 (N.D. Ill. 1989). See also, *Madden v. Milk Wagon Drivers Union*, 229 F. Supp. 490, 492 (finding Federal Rules of Civil Procedure applicable in proceeding under Section 10(l) of the Act); *Roth v. Local 15, International Brotherhood of Electrical Workers*, 2001 U.S. Dist. LEXIS 16379 (N.D. Ill. 2001) (same).

     6.     Under Rule 26(d) of the Federal Rules of Civil Procedure, the Court has discretion to order, and the parties by stipulation may agree to, an expedited discovery schedule. Expedited discovery is especially appropriate in a matter in which a request for a preliminary injunction has been made. See *Madden*, 229 F. Supp. at 492 ("[U]nless discovery is permitted in advance [of a hearing on a petition], the respondent will face the possibilities of surprise and inadequate preparation which the Federal Rules were designed to eliminate."). See also, Fed. R. Civ. P. 26 (d), Notes of Advisory Committee on Rules – 1993 Amendments.

     7.     Here, Nexeo needs expedited discovery to provide it with a fair opportunity to formulate its defenses to Petitioner's claims and prepare adequately for the preliminary injunction hearing. In the NLRB Case, Petitioner has not provided the Company with any

evidence upon which the Acting General Counsel bases his claims that the Company violated the Act. Because there is no discovery in NLRB proceedings, the Company will not learn of that evidence until the administrative hearing. Even then, however, the Company may not learn of all the evidence that Counsel for the Acting General Counsel has compiled. There is no way for Nexeo to know in advance what evidence he may choose not to offer, including any exculpatory evidence, or what evidence the administrative law judge will exclude. Because they are not at issue in the NLRB Case, Counsel for the General Counsel presumably also will not offer, and the administrative law judge likely would not admit, evidence bearing upon whether traditional equitable considerations warrant issuance of injunctive relief here, e.g., whether Petitioner has an adequate remedy at law and whether irreparable harm will result if an injunction is not issued. Nexeo should therefore be given the opportunity to obtain discovery in this proceeding relating to all factual matters that have a bearing either way on Petitioner's request for injunctive relief.

8. Pursuant to LR37.2, Counsel for Nexeo, David A. Kadela, consulted by telephone with Counsel for Petitioner, J. Edward Castillo, on March 7, 2012, in a good faith effort to reach a stipulation permitting the Company to conduct expedited discovery. Mr. Castillo advised Mr. Kadela that he needed to consult with the regional director and would let Mr. Kadela know by March 8, 2012, if Petitioner was willing to enter into such a stipulation. Taking advantage of Mr. Kadela's compliance with LR37.2, Petitioner used the day Mr. Kadela gave Mr. Castillo to prepare a motion to try the petition on the basis of the administrative record from the hearing scheduled for April 2, 2012. Instead of contacting Mr. Kadela immediately when the decision was made to prepare the motion, Mr. Castillo waited until after the motion was prepared and ready for filing to contact Mr. Kadela, leaving him a voice mail message at approximately 1:30 p.m. on March 8, 2012, informing of the impending filing of the motion and Petitioner's position

that discovery should not be permitted.

      9.     For all of the foregoing reasons, Nexeo respectfully requests that the Court enter an order permitting it to conduct expedited discovery prior to the evidentiary hearing on April 30, 2012, on all non-privileged matters that are relevant to Petitioners' petition for a preliminary injunction, and establishing an appropriate schedule for conducting such discovery.

                                                        Respectfully submitted,

                                                        */s/ Adam C. Wit*

                                                        */s/ David A. Kadela*

                                                        Attorneys for Respondent

Adam C. Wit
LITTLER MENDELSON, P.C.
A Professional Corporation
321 North Clark Street
Suite 1000
Chicago, IL 60654
312.372.5520

David A. Kadela
LITTLER MENDELSON, P.C.
A Professional Corporation
21 East State Street, 16th Floor
Columbus, OH 43215-4228
614.463.4201

Dated: March 8, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March 2012, the foregoing *Motion for Expedited Discovery* was filed with the Clerk of the Court using the CM/ECF filing system, which will send such notification to the following:

J. Edward Castillo
R. Jason Patterson
Counsel for Petitioner
National Labor Relations Board, Region 13
209 South LaSalle Street, Suite 900
Chicago, IL 60604

Thomas D. Allison
N. Elizabeth Reynolds
Allison, Slutsky & Kennedy, P.C.
230 Wet Monroe Street, Suite 2600
Chicago, IL 60606

/s/ Adam C. Wit
Attorney for Respondent